522

Laurie TARDIFF, Plaintiff,

v.

KNOX COUNTY, et al., Defendants.

No. CIV. 02–251–P–C.

United States District Court,
D. Maine.

Nov. 10, 2004.

Dale F. Thistle, Law Office of Dale F. Thistle, Newport, ME, Sumner H. Lipman, Lipman, Katz & McKee, Augusta, ME, Frank P. Diprima, Law Office of Frank P. Diprima, Morristown, NJ, Robert J. Stolt, Lipman, Katz & McKee, Augusta, ME, for Laurie Tardiff, Plaintiff.

John J. Wall, III, Monaghan, Leahy, Hochadel & Libby, Portland, ME, Peter T. Marchesi, Wheeler & Arey, P.A., Waterville, ME, for Knox County, Daniel Davey, In His Individual Capacity, and in his Official Capacity as Sheriff of Knox County, Jane Doe, In Her Individual Capacity, Jane Doe, In His Individual Capacity, Defendants.

## ORDER DENYING DEFENDANTS' OBJECTION TO AMENDED REPORT OF SCHEDULING CONFERENCE AND REVISED SCHEDULING ORDER

CARTER, Senior District Judge.

Defendants in the above captioned action object to a decision of the Magistrate Judge requiring the disclosure of reinsurance agreements under Fed.R.Civ.P. 26(a)(1)(D).[1] *See* Defendants' Objection to Amended Report of Scheduling Conference and Revised Scheduling Order (Docket Item No. 46). This Court concludes that reinsurance agreements fall under the umbrella of Rule 26(a)(1)(D) and accordingly will affirm the Magistrate Judge's Order.

### I. FACTS

This is a class action suit brought under 42 U.S.C. § 1983 (2000) by Plaintiff Laurie Tardiff and others similarly situated. The factual circumstances giving rise to this case are set forth in this Court's Order Granting Plaintiff's Motion for Class Certification (Docket Item No. 21). *See Tardiff v. Knox*

---

**1.** Defendants also object to the Magistrate Judge's denial of Defendants' request to conduct discovery of absent class members. The Court finds that the Magistrate Judge's decision is not clearly erroneous or contrary to law and thus will affirm the Magistrate Judge's decision.

*County,* 218 F.R.D. 332 (D.Me.2003), *aff'd* 365 F.3d 1 (1st Cir.2004).[2]

The current discovery dispute arises out of Defendant Knox County's participation in the Maine County Commissioners Association Self–Funded Risk Management Pool pursuant to 30–A M.R.S.A. ch. 117.[3] Under the Maine statute, "[a] public[,] self-funded pool shall obtain excess insurance or reinsurance. . . . The insurance shall limit the exposure of the pool to a defined level both as to ultimate claims values and loss ratio at which recovery from the insurer will be realized." 30–A M.R.S.A. § 2253(3). The pool in which Knox County participates obtained reinsurance coverage pursuant to the statute.

## II. DISCUSSION

■ Fed.R.Civ.P. 72 discusses the responsibilities of magistrate judges in terms of nondispositive and dispositive pretrial matters. A nondispositive matter is one which is not dispositive of a claim or a defense of a party. Fed.R.Civ.P. 72(a). In reviewing a magistrate judge's determination on a non-dispositive pretrial matter, the district court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *Id.; Allendale Mut. Ins. Co. v. Rutherford,* 178 F.R.D. 1, 2 (D.Me.1998); *see generally Jacobsen v.*

*Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.,* 594 F.Supp. 583 (D.Me.1984).

■ Fed.R.Civ.P. 26(a)(1)(D) provides for discovery of "any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Federal courts have held that reinsurance agreements are discoverable under Rule 26. *See, e.g., Medmarc Cas. Ins. Co. v. Arrow Int'l, Inc.,* No. 01–CV–2394, 2002 WL 1870452, at *3 (E.D.Pa. July 29, 2002); *Missouri Pac. R.R. Co. v. Aetna Cas. & Surety Co.,* No. 3:93–CV–1898–D, 1995 WL 861147, at *2 (N.D.Tex. Nov. 6, 1995); *Nat'l Union Fire Ins. Co. v. Cont'l Illinois Corp.,* 116 F.R.D. 78, 84 (N.D.Ill.1987). The *National Union Fire Insurance* court found that reinsurance agreements were discoverable under Rule 26 for the following reasons:

> Reinsurers ("person[s] carrying on an insurance business") are insurers' own insurers. If Insurers are held liable under the Policies, they will turn to their reinsurers for partial indemnification, as provided in the reinsurance agreements, for any "payments made to satisfy the judgment." Insurers contend their reinsurance agreements are not "insurance agree-

---

**2.** In certifying the class, this Court stated:

> On February 7, 2001, at approximately 5:05 p.m., Laurie Tardiff was arrested, pursuant to a warrant, at her residence in Rockland, Maine by Rockland Police Officer Patrick Allen and charged with tampering with a witness after having been charged previously with a violation of a harassment order issued by the Knox County Sheriff's Department. Prior to leaving her home, Ms. Tardiff was required to empty her pockets in front of the arresting officer. Ms. Tardiff was then taken to the Knox County Jail. After the intake procedure was complete, Ms. Tardiff was taken to a shower area, and a female corrections officer ordered her to disrobe to be searched. Once naked, she was ordered to squat and cough, exposing her vagina and anal cavity to the corrections officer. Ms. Tardiff was required to repeat the squat-and-cough procedure three times. Ms. Tardiff was held at the Knox County Jail for twenty-three hours before being released on bail.

*Id.*

**3.** 30–A M.R.S.A. § 2253(1) provides the coverage powers for public self-funded pools:

> Any public self-funded pool formed by 10 or more municipalities or school administrative districts or an organization representing 10 or more political subdivisions may provide risk management and coverage for pool members and employees of pool members, for acts or omissions arising out of the scope of their employment, including any of the following:
> A. Casualty insurance, including general and professional liabilities coverage, but excluding workers' compensation insurance provided under Title 39–A;
> B. Property insurance, including marine insurance and inland navigation, transportation, boiler and machinery insurance coverage;
> C. Automobile insurance and protection against other liability and loss associated with the ownership of motor vehicles;
> D. Surety and fidelity insurance coverage; and
> E. Environmental impairment insurance coverage.

ments" under Rule 26(b)(2).[4] True enough, reinsurance agreements are a special breed of insurance policy [actually, a contract of indemnity written by an insurer].... But the English language remains the same: Reinsurers "carry[ ] on an insurance business" and "may be liable ... to indemnify [Insurers] for payments made to satisfy the judgment" that Movants hope to obtain. Rule 26(b)(2) does not require that a party's insurer be directly liable to the other party. It is totally irrelevant that the reinsurers would pay Insurers and not the defendants and that Movants cannot directly sue the reinsurers.

*Nat'l Union Fire Ins.*, 116 F.R.D. at 84.

Turning to the case at bar, the Magistrate Judge ordered that "[i]n addition to all insurance agreements, reservation-of-rights letters and related documentation which the defendants have either already produced to the plaintiff or agreed to produce, they shall produce all reinsurance agreements and related documents." Amended Report of Scheduling Conference and Revised Scheduling Order (Docket Item No. 40) at 3. Because Plaintiff seeks monetary damages in the instant action, Fed.R.Civ.P. 26(a)(1)(D) requires Defendants to disclose the reinsurance agreements. Defendants contend that "[b]ecause the insurance purchased by the Risk Pool (the reinsurance) provides no benefit whatsoever to the member counties, and because it does not provide for payments to be made to satisfy part of all of a judgment or to reimburse the Defendants for any payments that they make to satisfy a judgment, the information is not discoverable." Defendants' Objection to Amended Report of Scheduling Conference and Revised Scheduling Order at 2. This contention is misplaced. Rule 26(a)(1)(D) requires disclosure when "any person carrying on an insurance business may be liable to satisfy part of all of a judgment" or "reimburse for payments made." Contrary to Defendants' contention,

the inquiry under Rule 26(a)(1)(D) focuses on whether payments are made at all, not on the identity of the recipient. Under the reinsurance agreements between the Pool and its reinsurers,[5] the reinsurers are exposed to potential liability [6] for reimbursing the Pool when judgment is entered against the Pool's member. Accordingly, the reinsurance agreements fall within the scope of Rule 26(a)(1)(D) and must be disclosed to Plaintiff. The Magistrate Judge's Order is not clearly erroneous or contrary to law.

## III. CONCLUSION

The decisions of the Magistrate Judge contained in the Amended Report of Scheduling Conference and Revised Scheduling Order be, and they hereby are, **AFFIRMED.**

---

**4.** Fed.R.Civ.P. 26(b)(2), prior to its 1993 amendment, addressed the discovery of insurance agreements.

**5.** After the parties filed their motions, the Court issued an Order requiring in camera disclosure of the reinsurance agreements (Docket Item No.

47). The documents were duly produced and the Court has carefully examined their contents.

**6.** The reinsurers' liability only commences once a certain monetary threshold is exceeded.